556 A.2d 445

**COMMONWEALTH of Pennsylvania**

v.

**Gerald HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 23, 1989.

Filed March 27, 1989.

Chris R. Eyster, Assistant Public Defender, Pittsburgh, for appellant.

Kemal A. Mericli, Assistant District Attorney, Pittsburgh, for Com., appellee.

Before WIEAND, McEWEN and CERCONE, JJ.

WIEAND, Judge:

Gerald Harris was tried by jury and was found guilty of robbery and criminal conspiracy as a result of an incident occurring September 3, 1987, on Smithfield Street, Pittsburgh, in which Harris and two other males allegedly accosted a pedestrian and removed eighteen ($18.00) dollars from his pocket. On direct appeal from the judgment of sentence, Harris argues that the trial court erroneously prevented jury argument regarding a prior inconsistent statement by a Commonwealth witness.

Mark Getz, an eyewitness to the incident, implicated Harris in the removal of money from the victim's pockets. In rebuttal of this testimony, defense counsel called as a witness the attorney who had represented appellant at the preliminary hearing. She said that at the preliminary hearing Getz had testified that Harris "never touched the victim" and "was just standing there." During closing argument to the jury, defense counsel argued, without objection, that Getz's prior inconsistent testimony at the preliminary

hearing was a factor to be considered in determining the credibility and weight of his testimony at trial. Later, defense counsel argued that if appellant had been merely standing there, as Getz testified at the preliminary hearing, then appellant was entitled to be acquitted. To this argument the trial court sustained an objection by the prosecution. The record reveals the following argument by defense counsel and objection by the attorney for the Commonwealth:

> The inconsistencies of Mr. Getz show that there is doubt as to the position of the individuals and their involvement in this episode. And if Mr. Harris was just standing there, as Mr. Getz said at the Preliminary Hearing, then we would submit he is not a conspirator under the law, and that he is not guilty of robbery and conspiracy.
>
> MRS. VINCLER: Your Honor, I'm sorry, I'm going to have to object at this point because I don't think it was ever established that Mr. Getz said the defendant was just standing there, even at the Preliminary Hearing.
>
> THE COURT: I'll sustain the objection.

During the earlier argument, defense counsel relied upon Getz's prior statement to impeach the testimony which he had given at trial. During the later argument, defense counsel sought to use Getz's testimony at the preliminary hearing as substantive evidence. This was proper. In *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), the Supreme Court held that prior inconsistent statements of a non-party witness may be used as substantive evidence where the witness testifies at trial and is available for cross-examination. In the instant case, the prior testimony of Mark Getz had not only been given at a point closer in time to the event described, but it had been given under oath at a time when the witness had been subjected to cross-examination. Moreover, at trial he was cross-examined extensively about the testimony which he had given at the preliminary hearing. Under these circumstances, the testimony given by Getz at the preliminary hearing was

admissible as substantive evidence and tended to show, if believed, that appellant had not participated in the robbery.

The prosecuting attorney objected on the grounds that there was no evidence that Getz had earlier testified that appellant "was just standing there." This objection, however, was factually incorrect. Leslie Perlow, Esquire, who had represented appellant at the preliminary hearing, testified as follows:

Q. Do you remember a Mark Getz testifying?

A. Yes, I do.

Q. Do you remember the District Attorney asking him, "Do you recall which of the two men you saw going into his pocket?"

A. Yes, I do.

Q. Does this refresh your recollection of what was said by Mr. Getz, by the D.A., down here?

A. Yes, it does.

Q. And what was his response?

A. He also replied that it was the two taller gentlemen and not Mr. Harris.

Q. And does the transcript embody what he said?

A. Yes, it does. He said, "Yes, the two taller men."

Q. Do you remember asking Mr. Getz a question, "At any time did you see this gentleman take anything?"

A. Yes, I do.

Q. And is that question embodied in this transcript?

A. Yes, it is.

Q. Do you remember what his response was?

A. He said that he was just standing there in the middle.

Q. Now, this gentleman that you mentioned in the question, who was that?

A. I was referring to my client, who was Mr. Harris.

Q. How did you refer to him?

A. I pointed to him, because throughout all the testimony we were discussing—They were talking about the two taller gentlemen, and they pointed to Mr. Harris

because we referred to him as the shorter, the shortest of the three.

Q. Do you remember asking Mr. Getz a question, "At any time did you see him touch the victim?"

A. Yes, I do.

Q. Do you remember what his response was?

A. He said that he was just standing there, that he didn't do anything.

Q. And does this transcript reflect the words of Mr. Getz as said at the Preliminary Hearing?

A. Yes, it does.

This testimony by the witness regarding Getz's prior testimony was repeated during cross-examination, when she was asked and confirmed that at the preliminary hearing Getz "had completely cleared [appellant] of any wrongdoing," and had testified that "[appellant] never touched the victim."

■ We are constrained to conclude, therefore, that the objection to defense counsel's jury argument was not well taken and that the trial court's ruling thereon was erroneous. The Commonwealth argues that the error was nevertheless harmless because defense counsel had previously argued Getz's prior inconsistent testimony to the jury. We are unable to accept this argument. Defense counsel's prior argument, to which no objection was offered, referred to Getz's prior inconsistent statement for the purpose of impeaching the witness's in-court testimony. The objection later made and sustained, however, precluded defense counsel from arguing that the jury could acquit appellant on the basis of the witness's prior testimony that appellant had "just been standing there" and had not participated in the robbery. Because of this ruling by the trial court, appellant was deprived of the right to present to the jury a significant substantive argument.

Contrary to the Commonwealth's argument, the erroneous ruling was not corrected during the trial court's jury instructions. Indeed, the trial court compounded the error when it told the jury that the testimony of Leslie Perlow

regarding Getz's prior statement "may be considered by you for one purpose and one purpose alone, and that is to help you to judge the credibility and the weight of the testimony given by Mr. Getz as a witness in this trial."

Because the trial court's ruling on the Commonwealth's objection to a defense jury argument was prejudicial error, a new trial must be granted.

Reversed and remanded for a new trial. Jurisdiction is not retained.

McEWEN, J., files a concurring opinion.

McEWEN, Judge, concurring:

The author of the majority view has, as usual, provided a careful analysis and so insightful an expression of view that I am hesitant to differ in the least. I am, nonetheless, compelled to state that, while I am satisfied to remand the case for a new trial, I do not agree that the unfounded objection by the prosecutor during the jury argument of defense counsel, as well as the ruling thereon, compose such error that appellant is entitled to a new trial. The assertion expressed by the prosecutor in the objection, and ruling thereon, reflect but a difference in the recollection of the evidence, a constant characteristic of the trial forum. It was, in short, a disagreement about the facts which, of course, the jury was, pursuant to its assigned role, required to resolve.

However, the instruction of the court that the prior statement of witness Getz was relevant only to the credibility and weight of the testimony of Mr. Getz, and not of substantive probative value, fell short of the *Brady* mandate that prior inconsistent statements of a non-party witness may be used as substantive evidence under the circumstances already noted by the majority. *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986). The trial judge is not to be faulted, of course, since it has not heretofore been established with certainty that the accused, as well as the prosecution, is entitled to the benefit of *Brady*. In any

100

event, the jury could not, under the instruction presented, have been aware of the quite meaningful value to the cause of appellant of the inconsistent testimony. Since, without the testimony of the witness Getz, the evidence of the participation and guilt of appellant is not so overwhelming as to render the misinstruction harmless beyond a reasonable doubt, appellant is entitled to a new trial. *See: Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).