OLSZEWSKI, Judge:
 

 This is an appeal
 
 nunc pro tunc
 
 from the judgment of sentence imposed upon appellant, Clayton Hayes, on April 6, 1988. Following a non-jury trial before the Honorable Legróme D. Davis, appellant was convicted of robbery and conspiracy. Post-trial motions were denied. Appellant was sentenced to concurrent terms of not less than two and one-half
 
 W
 
 nor more than seven (7) years imprisonment. No direct appeal was filed. Appellant filed a petition for relief under the Post-Conviction Relief Act, 42 Pa.C.S.A. § 9541,
 
 et seq.
 
 (Purdon’s Supp.1988), and present counsel was appointed. After a hearing, the Honorable James D. McCrudden granted appellant permission to file this appeal
 
 nunc pro tunc.
 

 
 *316
 
 On appeal, appellant claims that the trial court erred in allowing the Commonwealth to impeach its witness with his preliminary hearing notes of testimony and to use those notes as substantive evidence. Appellant further argues that his jury waiver colloquy was defective because he was not told that he is presumed to be innocent, the Commonwealth bears the burden of proving him guilty beyond a reasonable doubt, and the charges of robbery and conspiracy were not defined. We find both contentions to be meritless and affirm the judgment of sentence.
 

 It was adduced at trial that on August 1,1987, at approximately 9:00 p.m., appellant and another man approached Arthur Whaley from behind as he was walking down Point Breeze Avenue in Philadelphia. The two then cornered the victim and punched him on the side of his head. One took his wallet, the other took his watch and then they both fled. Mr. Whaley recognized appellant because he had seen him around the neighborhood during the past six to eight years.
 

 At trial, Mr. Whaley first testified that the other man, not appellant, took both his wallet and his watch. The Commonwealth was then permitted, over appellant’s objection, to introduce Mr. Whaley’s preliminary hearing testimony as substantive evidence. At the preliminary hearing, Mr. Whaley testified that appellant took his wallet and the other man his watch. After being confronted with this testimony, Mr. Whaley conceded that his memory was fresher at the preliminary hearing than at trial and that he could not remember which man took what. He was certain, however, that one man took his wallet and the other took his watch.
 

 Appellant contends that the trial court erred by allowing the Commonwealth to impeach Mr. Whaley, the complainant, with his preliminary hearing testimony and to use that testimony as substantive evidence. This argument finds no support under the current state of Pennsylvania law. In
 
 Commonwealth v. Brady,
 
 510 Pa. 123, 131, 507 A.2d 66, 70 (1986), our Supreme Court squarely held that “otherwise admissible prior inconsistent statements of a declarant who is a witness in a judicial proceeding and is
 
 *317
 
 available for cross-examination may be used as substantive evidence to prove the truth of the matters asserted therein.” In overruling a line of precedents limiting the use of a non-party witness’s prior inconsistent statements to impeachment, the Court reasoned that a “prior statement can be viewed as possessing superior indicia of reliability as it was rendered at a point in time closer to the event described — usually much closer — when memory will presumably be fresher and opportunity for fabrication lessened.”
 
 Id.,
 
 510 Pa. at 130, 507 A.2d at 69.
 

 Appellant points out that the prior inconsistent statements allowed to be used as substantive evidence in
 
 Brady
 
 were given to the police on the same day the event occurred and were corroborated by physical evidence and other testimony. Appellant avers that Mr. Whaley’s uncorroborated preliminary hearing testimony “does not have the same quality of reliability” and thus should not have been admitted.
 
 [1]
 
 (Appellant’s brief at 5.) We find this attempt to distinguish
 
 Brady
 
 by questioning the reliability of Mr. Whaley’s preliminary hearing testimony unconvincing.
 

 In
 
 Commonwealth v. Mott,
 
 372 Pa.Super. 133, 140-42, 539 A.2d 365, 369 (1988), this Court held a witness’s prior inconsistent statement given at a preliminary hearing to be “equally if not more reliable [than the
 
 Brady
 
 statement], since it was made close in time to the assault and was given while the declarant was under oath.” Likewise, in
 
 Commonwealth v. Harris,
 
 383 Pa.Super. 94, 556 A.2d 445 (1989), this Court permitted a defense counsel to use the prior inconsistent preliminary hearing testimony of a witness as substantive evidence in his closing arguments at trial. “[T]he prior testimony of [the witness] had not only been given at a point closer in time to the event described, but it had been given under oath at a time when the witness had been subjected to cross-examination.”
 
 Id.
 
 510 Pa. at 98, 556 A.2d at 446. Consequently, we find preliminary hearing statements to be “rendered under highly reliable
 
 *318
 
 circumstances assuring that they were voluntary, knowing, and understanding.”
 
 Brady, supra,
 
 510 Pa. at 133, 507 A.2d at 71.
 

 Since Mr. Whaley was both a witness in a judicial proceeding and was available for cross-examination, he met
 
 Brady’s
 
 two-pronged test for the admission of an out-of-court statement.
 
 Commonwealth v. Sopota,
 
 403 Pa.Super. 1, 10, 587 A.2d 805, 809 (1991)
 
 (en
 
 banc). It has also been established that his preliminary hearing statements were reliable. They were made within two months after the crime, when admittedly his memory was better than at trial. (N.T. 28-30.) Furthermore, unlike the prior inconsistent statements in
 
 Brady,
 
 Mr. Whaley’s prior testimony was given while he was under oath and subjected to cross-examination. Therefore, Mr. Whaley’s inconsistent preliminary hearing testimony was admissible under
 
 Brady
 
 both for impeachment and as substantive evidence.
 
 Commonwealth v. Patterson,
 
 392 Pa.Super. 331, 572 A.2d 1258 (1990);
 
 Commonwealth v. Troy,
 
 381 Pa.Super. 326, 553 A.2d 992 (1989).
 

 Appellant next contends that the jury waiver colloquy was defective because he was not informed of his presumption of innocence, or that the Commonwealth had the burden of proving him guilty beyond a reasonable doubt. Additionally, appellant claims the crimes with which he was charged were not defined for him.
 

 A defendant has the right to waive a jury trial; this waiver must be knowing and intelligent as evidenced by the colloquy. Pa.R.Crim.P. 1101, 42 Pa.C.S.A.,
 
 Commonwealth v. Williams,
 
 310 Pa.Super. 501, 456 A.2d 1047 (1983). Cases have also interpreted Rule 1101 to require a waiver to be knowing and voluntary.
 
 Id.
 
 To be valid, the waiver must be an intentional relinquishment or abandonment of a known right or privilege, and the accused must be aware of the “essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards.”
 
 Commonwealth v. Quarles,
 
 310 Pa.Super. 74, 79, 456 A.2d 188, 191 (1983),
 
 citing Commonwealth v. Morin,
 
 477 Pa. 80, 383 A.2d 832 (1978). The essential
 
 *319
 
 ingredients in a jury trial, which are necessary to understand the significance of the right a defendant is waiving include: the jury will be chosen from members of the community, the verdict will be unanimous, and the accused will be allowed to participate in the selection of the jury panel.
 
 Commonwealth v. Lott,
 
 398 Pa.Super. 573, 581 A.2d 612 (1990);
 
 Commonwealth v. Williams,
 
 454 Pa. 368, 312 A.2d 597 (1973). After a thorough review of the colloquy, it is apparent that appellant was apprised of these rights which he acknowledged he understood.
 

 Appellant argues that the colloquy was defective because he was not informed that the Commonwealth had to prove guilt beyond a reasonable doubt. This argument was rejected in
 
 Quarles, supra,
 
 where the court held that the appellant was informed of the essential ingredients of a jury trial and that the colloquy was not defective for failure to inform the appellant that the jury must find him guilty beyond a reasonable doubt.
 
 See also Commonwealth v. Pollard,
 
 288 Pa.Super. 20, 430 A.2d 1192 (1981) (failure to define reasonable doubt did not make jury waiver colloquy defective). Appellant’s allegations were not essential elements which he was required to be apprised of before making a knowing and intelligent waiver. In addition, appellant signed a written waiver which is accorded
 
 prima facie
 
 validity that appellant was fully aware of his rights.
 
 Commonwealth v. Smith,
 
 498 Pa. 661, 450 A.2d 973 (1982). We agree with appellant that a jury trial is a fundamental right of the criminal justice system and that public policy favors jury trials over bench trials (appellant’s brief at 6); however, Pennsylvania law also acknowledges a right to waive a jury trial. As evidenced by the colloquy, appellant effected a knowing and voluntary waiver.
 
 [2]
 

 Judgment of sentence affirmed.
 

 [1]
 

 . Appellant’s statement that Mr. Whaley was unable to identify him at trial is clearly refuted by the record (N.T. 14, 27).
 

 [2]
 

 . Appellant also raises an ineffectiveness of counsel claim for failure of trial counsel to apprise him of his jury trial rights. Because we have determined that appellant’s allegations were not jury trial rights, counsel cannot be found to be ineffective for failing to apprise appellant of them.