**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Robert Anton ALSTON a/k/a Robert**
**A. Alston, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 3, 1998.
Filed Nov. 24, 1998.

James R. Gilmore, Asst. District Atty., Pittsburgh, for Com., appellant.

Mitchell A. Kaufman, Asst. Public Defender, Pittsburgh, for appellee.

Before CAVANAUGH, POPOVICH and MUSMANNO, JJ.

CAVANAUGH, J.:

■ This appeal arises out of three separate criminal cases involving appellee, Robert Anton Alston, a/k/a Robert A. Alston. The Commonwealth appeals from the judgments of sentence and the orders entered against appellee on April 1, 1996, by the Court of Common Pleas of Allegheny County which denied three consent forfeiture orders and applied appellee's seized assets to pay appellee's mandatory fine and court costs. For the reasons set forth below, we reverse the orders denying the consent forfeiture orders, partially vacate the judgments of sentence and remand this matter for proceedings consistent with this Order.[1]

---

1. Ordinarily, appeals from decisions in forfeiture actions fall under the jurisdiction of the Commonwealth Court. *See* 42 Pa.C.S. §762 (vesting jurisdiction in the Commonwealth Court in appeals from final orders of the courts of common pleas in civil actions commenced by the Commonwealth government); *see also Commonwealth v. Landy*, 240 Pa.Super. 458, 362 A.2d 999, 1005 (Pa.Super.1976) (proceedings under the Forfeiture Act are not criminal proceedings as such; instead, they are "civil in form, but quasi-criminal in character"). However, in this matter, the Commonwealth is appealing not only the denial of the applications for forfeiture, but also the judgments of sentence. The Commonwealth claims that the condition of the sentences which directs the application of the seized cur-

rency to mandatory fines and court costs is illegal. Therefore, this appeal properly falls within our appellate jurisdiction. *See In Re One 1988 Toyota Corolla*, 675 A.2d 1290, 1295 (Pa.Cmwlth. 1996) (in certain situations, the very nature of the court's order renders the issue of forfeiture criminal in nature; "e.g., where the appeal is from a judgment of sentence following a criminal defendant's guilty plea of driving under the influence of alcohol and the trial judge, as a condition of the defendant's probation, orders that the defendant's truck be forfeited. In such circumstances, any appeal from the trial court's judgment of sentence would properly fall within the appellate jurisdiction of the Superior Court") (citing *Commonwealth v. Crosby*, 390 Pa.Super. 140, 568 A.2d 233 (Pa.Super.1990)); *see also* 42

The relevant facts and procedural history of the matter are as follows:

At CC No. 9508866[,] Detectives Robert Phires and Anthony Hildebrand, of the Pittsburgh Bureau of Police ONI unit, were advised by a confidential informant that the [appellee] was selling crack cocaine from his residence at 128 Moultrie Street in the Hill Street District section of Pittsburgh. The informant reported having been in the residence within the previous 48 hours and personally observing the cocaine being packaged and sold. The informant agreed to make a controlled buy for the detectives. A search of his person prior to the buy assured that he did not possess drugs or money. He was then given money by the detectives and was observed entering the [appellee's] residence. When he returned a short time later, he gave the detectives crack cocaine that he had purchased in the [appellee's] residence.

Surveillance of the [appellee's] residence also revealed a pattern of persons entering the residence and then leaving after a short period of time, which, according to the detectives, was consistent with drug trafficking. Based upon this information, the detectives obtained a search warrant. The resulting search resulted in the seizure of 44.36 grams of cocaine, less than 30 grams of marijuana, drug paraphernalia, a CB radio and $100.00 cash.

At CC No. 9500007, Pittsburgh police officers conducted a stop of the [appellee's] vehicle on December 3, 1994. As they approached, the [appellee] was observed stuffing an object under the front seat. He was removed from the vehicle and 41.02 grams of cocaine and a .32 caliber handgun were retrieved from under the front seat. $305.00 in U.S. currency was removed from the [appellee's] person.

At CC No. 9511487, Housing Authority Police Officers observed the [appellee] engaged in what appeared to be [a] drug transaction at 214 Burrows Street, Apartment 1366 on July 25, 1995. When they approached, he discarded baggies that were found to contain 8.85 grams of cocaine. He was also found to be in possession of a small amount of marijuana. $520.00 was seized from his person.

Trial Court's Opinion at 2–3.

Appellee was charged by criminal information at Nos. CC 9508866, CC 9500007 and CC 9511487 with nine counts of violating the Controlled Substance, Drug, Device and Cosmetic Act, and one count of violating the Uniform Firearms Act. On April 1, 1996, appellee appeared before the Honorable Jeffrey A. Manning to enter his plea of guilty to all charges.

On that same day, appellee immediately proceeded to sentencing on a negotiated plea agreement which was stated by the prosecutor to be the following: a mandatory term of imprisonment of from three to six years at No. CC 950886, plus a mandatory fine of $15,000.00; a concurrent three to six years imprisonment at No. CC 9500007; and a concurrent one to two years imprisonment at No. CC 95411487. The prosecutor additionally stated that appellee had agreed to forfeit the seized currency in the combined amount of $925.00 and presented the trial court with three separate consent asset forfeiture orders, whereby the appellee consented to forfeit all monies seized as derivative contraband.

The trial court imposed the mandatory sentence in accordance with the agreement, giving appellee an aggregate term of imprisonment of from three to six years and a $15,000.00 fine. However, the trial court denied the consent forfeiture orders, instead directing that the monies seized in the amount of $305.00, $100.00 and $520.00 "be turned over to the Clerk of Courts to pay the fines and costs."

The Commonwealth appeals, raising the following issues for our review:

I. Did the lower court err in refusing to accept a consensual asset forfeiture Order?

II. Did the sentencing court impose an illegal sentence by applying drug traffick-

Pa.C.S.A. §9781(a) (providing for an absolute right to the Commonwealth to appeal from the legality of a sentence); *Commonwealth v. Jones*, 523 Pa. 138, 565 A.2d 732 (1989) (same); *Commonwealth v. Ferguson*, 381 Pa.Super. 23, 552 A.2d 1075 (Pa.Super.1988) (same).

ing forfeiture assets, that were consensually agreed upon as being such, to satisfy mandatory fines and court costs in contravention to 18 Pa.C.S.A. §7508(e) and the Forfeiture Act, 42 Pa.C.S.A. §6801 *et seq.?*

Appellant's brief at 6.

The Commonwealth's first argument on appeal is that the trial court erred in refusing to accept the consensual asset forfeiture orders presented at the time of the guilty plea and sentencing of appellee. We are unable to find any case law involving a similar factual situation in which a trial court denied a consent forfeiture order wherein the defendant conceded that the monies or other goods were derivative contraband and agreed to the forfeiture. The forfeiture provisions at issue herein provide in pertinent part as follows:

b) **Process and seizure.** – Property subject to forfeiture under this chapter may be seized by the law enforcement authority upon process issued by any court of common pleas having jurisdiction over the property. Seizure without process may be made if:

(1) the seizure is incident to an arrest or a search warrant or inspection under an administrative inspection warrant;

(2) the property subject to seizure has been the subject of a prior judgment in favor of the Commonwealth in a criminal injunction or forfeiture proceeding under this chapter;

(3) there is probable cause to believe that the property is dangerous to health or safety; or

(4) there is probable cause to believe that the property has been used or is intended to be used in violation of The Controlled Substance, Drug, Device and Cosmetic Act.

(c) **Seizure without process.** – In the event that seizure without process occurs as provided herein, proceedings for the issuance thereof shall be instituted forthwith.

42 Pa.C.S.A. §6801.

There is no question that the currency at dispute was seized incident to an arrest without process, and thus is subject to the provisions of the Forfeiture Act, 42 Pa.C.S.A. §§6801–6802. We also note appellee's objection, raised for the first time on appeal, that no formal written forfeiture petition was ever filed in this case. However, both the Commonwealth and the trial court considered the Commonwealth's statements and the submission of the consent forfeiture orders at the time of the plea and sentencing as oral applications for forfeiture. Appellee does not argue that the Commonwealth's actions did not amount to an oral application for forfeiture, but rather contends that without a petition for forfeiture there was no jurisdiction for the trial court to even consider this matter; "[w]ithout a *petition* for forfeiture, there is no basis for a court to protect the defendant's rights to fundamental fairness. Without a *petition* ... there is no due process." Appellee's Brief at 9 (emphasis added).

▪ Appellee has not cited to any authority in support of his claim that the motion for forfeiture was not proper because it was made orally. However, based on our research, we find that courts of this Commonwealth have implicitly recognized that an oral application for forfeiture may be considered. *See Commonwealth v. Pomerantz*, 393 Pa.Super. 186, 573 A.2d 1149, 1150 (Pa.Super.1989) (a panel of this court vacated an order of the trial court which purported to grant a petition for forfeiture after finding that no such petition had been filed *"nor orally presented to the trial court"*) (emphasis added); *see also Commonwealth v. Fontanez*, 679 A.2d 1361, 1367 n. 14 (Pa.Cmwlth.1996), *allocatur granted*, 547 Pa. 732, 689 A.2d 236 (1997) (there is no authority prohibiting an oral forfeiture motion). Because we are unaware of any authority which would prohibit a motion for forfeiture from being made orally on the record in open court, and because this procedure has the benefit of efficiency and judicially economizes the adjudication of a forfeiture to a time and place where an entitlement and the right to forfeiture are clearly before the court, we refuse to find that the trial court was in error for considering the oral application.

▪ The Commonwealth Court has set forth the requirements of the Forfeiture Act, 42 Pa.C.S.A. §§6801–6802 as follows:

In all forfeiture proceedings regarding the possible forfeiture of money, the Commonwealth bears the initial burden of establishing either 1) that the money was furnished or intended to be furnished in exchange for a controlled substance in violation of The Controlled Substance, Drug, Device and Cosmetic Act (The Controlled Substance Act), or the proceeds traceable to such an exchange, or 2) that the money was used or intended to be used to facilitate any violation of the Controlled Substance Act. 42 Pa.C.S.A. §6801(a)(6)(i)(A), (B). In so showing, the Commonwealth must establish a nexus between the unlawful activity and the property subject to forfeiture. If the Commonwealth prima facie establishes that the money was subject to forfeiture under Section 6801(a) of the act, the burden shall be upon the claimant to show 1) that the claimant is the owner of the money, 2) that the claimant lawfully acquired the money, and 3) that the money was not unlawfully used or possessed by him. 42 Pa.C.S.A. §6802 (j).

*Commonwealth v. $16,208.38 U.S. Currency*, 160 Pa.Cmwlth. 440, 635 A.2d 233, 237–38 (Pa.Cmwlth.1993) (footnotes and additional citations omitted). By signing the consent forfeiture order, appellee agreed that the monies involved were derivative contraband and admitted the nexus between the monies and the illegal drug activity. Further, by signing the consent forfeiture order, appellee informed the court that he did not contest the forfeiture and chose not to exercise his right to contest the proceeding. Therefore, we find that the formal requisites of the Forfeiture Act were met through the submission of the consent forfeiture orders.

However, in refusing to accept the consent forfeiture orders, the trial court focused on the requirement set forth in 42 Pa.C.S.A. §6801(c) that the forfeiture proceedings had to be instituted "forthwith." The trial court then denied the Commonwealth's applications for forfeiture as having been untimely made in contravention to the "forthwith" requirement of the statute. We disagree that the application was untimely.

In interpreting the meaning of the "forthwith" filing requirement under the former controlled substance forfeiture provision found in 35 P.S. §708–128(c) [2] (repealed), the Commonwealth Court determined that a showing of prejudice is necessary to set aside a forfeiture action as untimely:

> This Court has previously defined the term "forthwith" as it was used in the Vehicle Code. "We have never construed the 'forthwith' requirement to fix an arbitrary time limit; rather, we have held that…compliance within a reasonable time is sufficient." *Department of Transportation, Bureau of Traffic Safety v. Passerella*, 42 Pa.Commonwealth Ct. 352, 354, 401 A.2d 1, 2 (1979). "[A]bsent a showing of prejudice, the mere passage of time … is not sufficient justification to set aside the action…." *Department of Transportation, Bureau of Traffic Safety v. Lea*, 34 Pa.Commonwealth Ct. 310, 312, 384 A.2d 269, 270–71 (1978).

*Matter of Kulbitsky*, 112 Pa.Cmwlth. 477, 536 A.2d 458, 462 (Pa.Cmwlth.1988) (additional citation omitted). We find this definition to be equally applicable here.

This matter involved an *uncontested* forfeiture of seized assets. The forfeiture was agreed to by appellee, appellee's counsel and the Commonwealth. No prejudice has been alleged, much less proven by appellee due to the delay in instituting the forfeiture proceedings some 16 months after seizure at CC 9500007, ten months after seizure at CC 9508866 and nine months after seizure at CC 9011487. *See Fontanez*, 679 A.2d 1361 (claimant did not meet his burden of establishing prejudice from a delay of two and one-half years in the filing of the oral forfeiture request by the Commonwealth).

Because we find that the consent forfeiture orders meet all of the formal requirements of the Forfeiture Act and also find that there has been no prejudice to appellee by the delay in instituting this proceeding, which was uncontested at the time of the plea and

---

2. The former 35 P.S. §708–128(c) (repealed) and the current provision found at 42 Pa.C.S.A. §6801(c) are identically worded.

sentencing, we conclude that the trial court abused its discretion by denying the Commonwealth's oral applications for forfeiture.

Again, for the first time on appeal, Appellee argues that

[o]ur law is replete with instances in which, despite the consent of the accused, the final judgment and responsibility for protection of the rights of the defendant remain in the hands of the court.

For example, a defendant who wishes to waive his or her right to trial by jury may only do so with the approval of the trial judge. Similarly, although a defendant in a particular case may wish to consent to a finding of guilt by entering a guilty plea, it is still the province of the trial judge to determine that consent is voluntary, understanding and knowing and that the Commonwealth can produce evidence of guilt.[3]

Appellee's Brief at 7 (citations omitted). We are unpersuaded by this argument.

■ We acknowledge that courts of this Commonwealth require a colloquy to establish a knowing and intelligent waiver of certain constitutional protections. By way of illustration, we have required such a colloquy in the context of waiving the right to a jury trial, entering a guilty plea and waiving the right to counsel. *See Commonwealth v. Hayes*, 408 Pa.Super. 314, 596 A.2d 874, 876 (Pa.Super.1991) (on the record inquiry must demonstrate that the waiver of a defendant's right to a jury trial is an "intentional relinquishment or abandonment of a known right or privilege, and the accused must be aware of the 'essential protections inherent in a jury trial as well as the consequences attendant upon a relinquishment of those safeguards' "); *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305 (1992) (the goal

sought to be obtained by on-record colloquy is the assurance that a defendant's guilty plea is tendered knowingly, voluntarily and understandingly); *Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997) (trial court must thoroughly conduct on-record inquiry into defendant's appreciation of right to effective assistance of counsel and to represent oneself at trial; record must show that defendant was offered counsel but intelligently and understandingly rejected the offer). However, we decline to find that such a colloquy requirement is necessary where a person signs and submits a written consent to forfeit seized property, nor has appellee pointed us in the direction of any pertinent authority which would mandate that such an inquiry be made under these circumstances.[4] Thus, for the foregoing reasons, we reverse the trial court's denial of the Commonwealth's three oral applications for forfeiture.

■ The Commonwealth's second issue is that the trial court imposed an illegal sentence by applying the drug trafficking forfeiture assets, which were consensually agreed upon as being such, to satisfy appellee's mandatory fine and court costs. We agree. By reason of the controlled substance forfeiture provisions, 42 Pa.C.S.A. §§6801–6802, the legislature has clearly spoken on this issue and has provided for the use of the cash or other proceeds seized and subject to forfeiture. The money or goods are to be transferred to the district attorney, not as a source of payment of court fines. 42 Pa. C.S.A. §6801(e),(f),(g).[5] This provision may also be seen as a preference for uniform treatment of such contraband throughout the Commonwealth and provides for a prescribed plan for employment of such goods or for the destruction of harmful property in order that it not find its way into the stream of com-

---

**3.** The trial court also noted "that it views the Commonwealth's request for approval of the alleged 'consensual' Forfeiture Order as nothing more than a proposal – analogous to a requested plea agreement – which the court is always free to either accept or reject consistent with the facts presented." Trial Court Opinion at 7–8.

**4.** We also note that a trial court may exercise its discretion in a *contested* forfeiture situation to make inquiries of the claimant with respect to the source and intended purpose of property

seized to determine whether the property is subject to forfeiture. *Commonwealth v. Younge*, 446 Pa.Super. 541, 667 A.2d 739 (Pa.Super.1995). However, this is irrelevant in the instant matter in which the trial court simply denied the oral application out-of-hand with no inquiry made of the appellee herein.

**5.** By way of contrast, fines and costs are collected and handled in accordance with 42 Pa.C.S.A. §9728.

merce or other improper hands. Accordingly, we are constrained to vacate as illegal that part of appellee's sentences which require that the seized currency in dispute be used to satisfy his mandatory fine and court costs.

Orders reversed.

Judgments of sentence relating to the application of the seized currency to satisfy appellee's fine and court costs are vacated. In all other respects, judgments of sentence affirmed.

Case remanded to proceed to proper forfeiture disposition of the seized currency consistent with this Opinion.

Jurisdiction relinquished.