J-S13025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSE L. CIURO | : | |
| | : | |
| Appellant | : | No. 2756 EDA 2022 |

Appeal from the PCRA Order Entered February 10, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0006628-2016

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 2, 2023**

Jose L. Ciuro (Appellant) appeals *nunc pro tunc* from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46.  We affirm.

The PCRA court recounted the following facts:

> [Appellant] was the complainant's[1] stepfather, residing with the complainant, her sister, brother and mother from 1992 through 2003 in Philadelphia.  (N.T. 6/12/2017, pp. 10-13, 27-29).  Starting when the child was seven, through the age of thirteen, the victim testified to increasing sexual assaults in the household by [Appellant].  ([*Id.* at] 10-21).  The victim testified that it began in the stairway of their shared house when [Appellant] was in the bathroom wearing only a towel and he exposed himself to the child, then prompting her to kiss his penis.  ([*Id.* at] 11-13).  The complainant testified that [Appellant] would expose himself whenever he had a chance, opening his towel or

_____

* Former Justice specially assigned to the Superior Court.

[1] The complainant is also referred to as the victim, child, or stepdaughter.

pulling down his pants. ([*Id.* at] 13). When the child was eight or nine, the assaults progressed to [Appellant] placing his penis in the child's mouth, as well as touching the child's clitoris a couple of times a week. ([*Id.* at] 13-15). The assaults expanded to [Appellant] placing his fingers inside the [child's] vagina. ([*Id.* at] 15-16). Eventually the molestations progressed to oral sex and rubbing of [Appellant's] penis on the outside of the child's vagina as well as anus and finally anal intercourse. ([*Id.* at] 14-22).

The complainant testified that she told her newly divorced mother about the incidents when she was about thirteen, but her mother did not want to believe the accusations. ([*Id.* at] 18-19). When the child was fifteen or sixteen, she told her best friend, whom she swore to secrecy. ([*Id.* at] 19-21). At age twenty, the complainant got married and although she told her husband that something occurred in her childhood, she refused to provide any details. When she was twenty-one, her mother brought the subject up again asking if she was going to pursue the charges against [Appellant] to gain closure. The victim testified that she was worried she would ruin her sibling's relationship with [Appellant] if she did, but the incidents were weighing heavily upon her. Finally, when she was twenty-five, she reported the incidents to the police, resulting in the eventual arrest of [Appellant]. ([*Id.* at] 21-24).

PCRA Court Opinion, 11/18/22, at 2-3 (footnote added).

On June 28, 2015, the Commonwealth charged Appellant with two counts each of rape of a child and aggravated indecent assault of a child, as well as one count each of involuntary deviate sexual intercourse, sexual contact with a minor, sexual assault, endangering the welfare of a child, indecent exposure, indecent assault, and corruption of minors.[2] Following a non-jury trial on June 12, 2017, the trial court convicted Appellant of all

---

[2] 18 Pa.C.S.A. §§ 3121(c), 3125(b), 3123(b), 6318(a)(1), 3124.1, 4304(a), 3127(a), 3126(a)(1), 6301(a)(1).

- 2 -

charges. On December 11, 2017, the trial court sentenced Appellant to an aggregate 5 - 20 years in prison, followed by 5 years of reporting probation. Appellant did not appeal.

Appellant timely filed a counseled PCRA petition on December 11, 2018. The PCRA court held a hearing on January 9, 2020. The court addressed Appellant's decision to waive his right to a jury trial:

> During the PCRA evidentiary hearing, the court heard the testimony of [trial counsel, Attorney Andrew Gay, (Attorney Gay)] as well [Appellant], his wife, sister and stepfather. [Attorney Gay] testified that [Appellant] had expressed concerns to him on how a jury might receive the allegations being made against him by his stepdaughter. (N.T. 1/9/2020, pp. 9-12). [Appellant] alleged in his petition that trial counsel emphatically stated "I got this" to induce [Appellant] to waive his right to a jury. Under oath, trial counsel responded:
>
> > []Your Honor, I have practiced law for two decades, and I have never used the language like that with a client concerning the possible outcome of any proceeding, whether it be a trial, a preliminary hearing, or any other type of matter that I've handled for a client.
> >
> > I express what I believe are the risks and the choices that the client has to make. And I never make a guarantee. And I would never use language like, "I got this," in order to influence a client to make a decision.[] ([*Id.* at] 14).
>
> [Attorney Gay] further stated, unequivocally, that he never advised [Appellant] that if he waived his right to a jury trial and proceeded to a trial before the undersigned that he would be acquitted. ([*Id.* at] 14).
>
> [Appellant's] wife testified that trial counsel told them that "he's got this" and that [Appellant] was nervous[,] so she gave him two Xanax pills, however when questioned several times as to whether [Appellant] seemed impaired after taking the drugs,

- 3 -

she claimed that she was unable to understand the questions. ([*Id.* at] 20-26). [Appellant's] sister testified that trial counsel was her attorney as well but that she was not present for all of the conversations between [Appellant] and the attorney. ([*Id.* at] 26-28). [Appellant's] stepfather testified as well and stated he did not know why [Appellant] changed his mind from having a jury to a bench trial, that he had discussed the evidence in the case, but nothing about counsel saying, "he had this." ([*Id.* at] 29-33).

[Appellant] took the witness stand, testifying that his attorney discussed the evidence with him, the benefits and disadvantages of a jury in his case[,] but [said] nothing about the attorney saying, "he had this." ([*Id.* at] 34-38). [Appellant] claimed to be anxious, took Xanax provided by his wife, which made him drowsy[,] and [testified] that although he signed the waiver colloquy, he did not read the entire form. ([*Id.* at] 35-36). [Appellant] further stated the answers provided on the written form were not in his handwriting but that it was his signature on the fourth page, and his initials on every page of the colloquy. ([*Id.* at] 38-42, 47). […] When confronted with the notes of testimony from the oral colloquy conducted by this court, [Appellant] first answered that "No. I did not answer that." ([*Id.* at] 40-44). [Appellant] then replied that his attorney told him what to say because he cannot hear and wears a hearing aid. ([*Id.* at] 44).

PCRA Court Opinion, 11/18/22, at 6-8.

The PCRA court dismissed the petition on February 10, 2020. Appellant timely appealed. On September 17, 2020, this Court dismissed the appeal for failure to file briefs. Appellant filed a second PCRA petition seeking reinstatement of his appeal rights *nunc pro tunc* on November 12, 2021. By agreement of the parties, the PCRA court reinstated Appellant's right to appeal. Appellant filed a notice of appeal.[3]

_____

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

- 4 -

Appellant raises four issues:

1. Whether the [PCRA] court erred in denying [Appellant's PCRA petition] since under the totality of circumstances, [Appellant's] waiver of his right to a trial by jury was not voluntary, knowing and intelligent?

2. Whether the [PCRA] court erred in denying [Appellant's PCRA petition,] since the findings of fact are not supported by the record and the legal conclusions drawn from those facts are incorrect, and as such, the decision of the [c]ourt was in error?

3. Whether the [PCRA] court erred and abused its discretion in denying [Appellant's PCRA petition] since its credibility determinations were not supported by the record?

4. Whether the [PCRA] court erred and abused its discretion when it sustained the Commonwealth's objection and refused to allow defense counsel to effectively cross-examine [Attorney Gay] on the testimony he gave in defense of his actions and inactions?

Appellant's Brief at 6.

We begin by recognizing:

To be eligible for PCRA relief, a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated circumstances found at 42 Pa.C.S. § 9543(a)(2) (delineating the eligibility requirements of the PCRA). A petitioner also must demonstrate that the issues raised in his PCRA petition have not been previously litigated or waived. *Id.* at § 9543(a)(3).

***

... It is well-settled that counsel is presumed to have been effective and that the petitioner bears the burden of proving counsel's alleged ineffectiveness. ***Commonwealth v. Cooper,*** 596 Pa. 119, 941 A.2d 655, 664 (2007). To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, "that is, a reasonable probability that but for

- 5 -

counsel's act or omission, the outcome of the proceeding would have been different." ***Id.*** A PCRA petitioner must address each of these prongs on appeal. ***See Commonwealth v. Natividad,*** 595 Pa. 188, 938 A.2d 310, 322 (Pa. 2007) (explaining that "appellants continue to bear the burden of pleading and proving each of the [ineffective assistance of counsel] elements on appeal to this Court"). A petitioner's failure to satisfy any prong of this test is fatal to the claim. ***Cooper,*** 941 A.2d at 664.

When [an appellate c]ourt reviews an order dismissing or denying a PCRA petition, its standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error. "The PCRA court's credibility determinations, when supported by the record, are binding on this Court[.]" ***Commonwealth v. Mason,*** 634 Pa. 359, 130 A.3d 601, 617 (2015) (quoting ***Commonwealth v. Roney,*** 622 Pa. 1, 79 A.3d 595, 603 (2013)). "Appellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief." ***Commonwealth v. Wholaver,*** 644 Pa. 386, 177 A.3d 136, 144-45 (2018).

***Commonwealth v. Reid***, 259 A.3d 395, 405-06 (Pa. 2021).

In his first issue, Appellant claims his "waiver of a right to a jury trial was not voluntary, knowing and intelligent[.]" Appellant's Brief at 25. Specifically, Appellant argues Attorney Gay was ineffective "in the advice and information he provided to [Appellant] that convince[d] him to waive his right to a jury trial." ***Id.*** at 26. Appellant asserts Attorney Gay was ineffective for failing to object to a deficient on-record waiver colloquy. ***Id.*** at 26-27. Also,

- 6 -

Appellant avers Attorney Gay was ineffective for failing to adequately explain the written jury waiver colloquy to him.[4]  *Id.* at 29.

The Pennsylvania Supreme Court has explained:

The right to trial by jury is enshrined in both the U.S. and Pennsylvania Constitutions.  **See** U.S. CONST. amend. VI; PA. CONST. art. I, § 6.  The importance of the right is recognized by the procedural protections in Rule 620 of this Court's Criminal Procedural Rules, which provides that:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record.  The waiver shall be in writing, made a part of the record, and signed by the defendant, the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.  ...

The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand.  "The essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." **Commonwealth v. Williams**, 454 Pa. 368, 312 A.2d 597, 600 (Pa. 1973); **accord Commonwealth v. Smith**, 498 Pa. 661, 450 A.2d 973, 974 (Pa. 1982).  Notwithstanding the Rule's reference

---

[4] Appellant has waived any direct challenge to the validity of his jury waiver and the adequacy of the oral and written colloquies because he did not raise these issues in his direct appeal.  **See** 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction [sic] proceeding.").

to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy. ***Williams***, 312 A.2d at 599-600 ....

***Commonwealth v. Mallory***, 941 A.2d 686, 696-97 (Pa. 2008) (footnote and brackets omitted).

In rejecting Appellant's claim that trial counsel rendered ineffective assistance relative to his jury waiver, the PCRA court observed that Appellant "fails to specify his reasons[.]" PCRA Court Opinion, 11/18/22, at 6. The PCRA court explained:

> "Because 'the decision to waive a jury trial is ultimately and solely the defendant's ... a defendant must bear the responsibility for that decision. Counsel's advice to waive a jury trial can be the source of a valid claim of ineffective assistance of counsel only when 1) counsel interferes with his client's freedom to decide to waive a jury trial... or 2) appellant can point to specific advice of counsel so unreasonable as to vitiate the knowing and intelligent waiver of his right." ***Commonwealth v. Boyd***, 334 A.2d 610, 616-617 (Pa. 1975) (quoting ***Commonwealth v. Stokes***, 299 A.2d 272, 276 n.1 (Pa. 1973). "Where an appellant merely claims, as in the present case, that his decision was a strategic error, and can point to no specific incidents of counsel impropriety, he must bear the responsibility for that decision and cannot shift the blame to counsel." ***Id.*** Counsel's testimony that [Appellant] expressed a lot of concern about how a jury would react to the testimony of his stepdaughter further evinces that [Appellant] waived his right to a jury a trial based upon a strategic decision and not a misunderstanding of his options.
>
> "When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim. Such an inquiry is not resolved by the mere absence of an oral waiver colloquy; instead, the analysis must focus on the totality of relevant circumstances." [***Mallory***, 941 A.2d at 698]. The law is clear that a reviewing court is free to look at the totality of the circumstances surrounding the [colloquy] when assessing whether [it] was entered into in accordance with the law. ***Commonwealth v.***

- 8 -

***Allen***, 732 A.2d 582, 588[-89] (Pa. 1999); ***Commonwealth v. Muhammad***, 794 A.2d 378, 383-84 (Pa. Super. 2002); ***Commonwealth v. Hodges***, 789 A.2d 764 (Pa. Super. 2002). A defendant is obliged to tell the truth […] and a trial court may rely on a properly executed written colloquy supplemented by an oral colloquy in deciding whether the waiver is knowing, intelligent and voluntary. ***See Commonwealth v. Cappelli***, 489 A.2d 813 (Pa. Super. 1985); ***Commonwealth v. Nelson***, 465 A.2d 1056 (Pa. Super. 1983). For [Appellant] to succeed in his claim, he would need [to] assert that he was lying under oath when he attested to the written waiver forms. He is barred from doing so. ***See*** [***Cappelli***, ***supra***, at 819]; ***Commonwealth v. Willis***, 68 A.3d 997 (Pa. Super. 2013).

This court has reviewed the totality of the circumstances relating to [Appellant's] waiver of a jury [trial] and it is crystal clear that the waiver was knowing, intelligent, voluntary and entered into in accordance with the law. Additionally, this court found trial counsel's testimony to be completely credible, while [Appellant's] testimony lack[ed] almost all credibility. The signed written colloquy as well as the oral inquiry conducted by this court belie any of the allegations made by [Appellant] on this issue.

PCRA Court Opinion, 11/18/22, at 8-9 (parallel cites omitted).

The PCRA court also rejected Appellant's claims that Attorney Gay was ineffective for failing to object to alleged deficiencies in the oral colloquy and failing to adequately explain the written colloquy. The PCRA court continued:

[Appellant] next complains that the oral colloquy was somehow deficient. In his PCRA petition, [Appellant] contends that the court failed to address whether he was coerced, threatened or induced into making the waiver; promised anything in exchange for making the waiver; under any mental or psychiatric treatment or told that the decision was his to make; that the questions asked of [Appellant] were leading and lastly the court failed to question [Appellant] on the content of the written colloquy. (PCRA Petition, p. 12-13). All are without merit.

First, it must be noted that [Appellant] completed a four page "Written Jury Trial Waiver Colloquy" on the day of trial. [Appellant] admitted to initialing every page and signing the final

one. The written colloquy was attested to by his counsel, the attorney for the Commonwealth and the court. […] In addition to the four page written colloquy, the following oral inquiry was made of [Appellant] prior to the commencement of trial:
….

THE COURT: You are here for a trial. Do you understand that?

[Appellant]: Yes, sir.

THE COURT: It is my understanding you want to do a waiver trial, a trial by judge alone, is that correct?

[Appellant]: Yes, sir.

THE COURT: I am going to ask you a couple of questions. How old are you?

[Appellant]: I'm 60.

THE COURT: How far did you go in school?

[Appellant]: I graduated high school.

THE COURT: Do you read, write and understand English?

[Appellant]: Yes.

THE COURT: **Are you under the influence of any drugs or alcohol?**

[Appellant]: **No, sir.**

THE COURT: **Have you ever been diagnosed with any mental disability?**

[Appellant]: **No, sir.**

THE COURT: **I show you this written waiver colloquy. Did you go over this with your attorney?**

[Appellant]: **I did.**

THE COURT: **Did you read and understand every paragraph?**

[Appellant]: **Yes, sir.**

THE COURT: **Do you have any questions for either Mr. Gay or myself on what is contained in here?**

[Appellant]: **I did not hear.**

THE COURT: **Do you have any questions about what is contained in here to either Mr. Gay or myself?**

[Appellant]: **No, I don't.**

THE COURT: **I show you the back page. Is that your signature?**

[Appellant]: **Yes, sir.**

THE COURT: Now, you know that if you had a jury trial, in order to be convicted all 12 jurors would have to be agreed; do you understand that?

[Appellant]: Yes, sir.

THE COURT: In order to be acquitted all 12 jurors would have to be agreed; do you understand that.

[Appellant]: Yes.

THE COURT: In a jury trial sometimes the jurors can't agree and that becomes a hung jury and the Commonwealth has a right to try you again; do you understand that?

[Appellant]: Yes, sir.

THE COURT: And that can't happen if I try the case as a judge alone.

[Appellant]: Yes, sir.

THE COURT: All your rights remain the same. You have a right to take the stand in your own defense, you have [the] right not to take the stand in your own defense, you are presumed innocent unless and until proven guilty. All the other rights you have in a

trial remain the same except I will hear the case rather than 12 people, do you understand?

[Appellant]: Yes, sir.

THE COURT: **Are you satisfied with Mr. Gay's representation up until this point?**

[Appellant]: **Yes, sir.**

THE COURT: **And it is your desire to have a trial with [a] judge alone?**

[Appellant]: **Yes, sir.**

(N.T. 6/12/2017, pp. 4-7 [emphasis added]).

Pennsylvania requires that a jury trial waiver be knowing, intelligent and voluntary. *Commonwealth v. Eichinger*, 108 A.3d 821, 831 (Pa. 2014) (citing *Commonwealth v. O'Donnell*, 740 A.2d 198, 208 (Pa. 1999)). "The essential ingredients in a jury trial, which are necessary to understand the significance of the right a defendant is waiving include: the jury will be chosen from members of the community, the verdict will be unanimous, and the accused will be allowed to participate in the selection of the jury panel." *Commonwealth v. Hayes*, 596 A.2d 874, 876 (Pa. Super. 1991) (citing *Commonwealth v. Lott*, 581 A.2d 612 (Pa. Super. 1990); [*Williams*, 312 A.2d 597]. The combined oral and written inquiries in the case at bar were obviously in compliance with the mandates of the rule. Furthermore, our appellate courts have determined that a written waiver is sufficient in the absence of an oral inquiry. *Commonwealth v. Smith*, 181 A.3d 1168, 1175 (Pa. Super. 2018). Clearly, a review of the combined oral and written colloquies demonstrates that [Appellant's] waiver was knowing, intelligent and voluntary, and [Appellant's] claim that it was deficient, and counsel ineffective for failing to object, are without merit.

\* \* \*

Next [A]ppellant contends the written waiver colloquy was deficient, and counsel constitutionally ineffective for failing to object, in that it failed to adequately advise him of the rights he was giving up. A review of the written colloquy […] categorically

- 12 -

contradicts this claim. The right to a trial, by judge or by jury, the presumption of innocence, the burden of proof beyond a reasonable doubt, the right to a jury of your peers and to participate in its selection and requirement of an unanimous verdict, as well as all the other relevant rights of a defendant, are spelled out in the written colloquy, signed and admittedly read by [Appellant], and as such these claims by [Appellant] are meritless.

PCRA Court Opinion, 11/18/22, at 9-12 (parallel citations omitted).

The PCRA court's thorough reasoning is supported by the record, and refutes Appellant's claim that Attorney Gay was ineffective in advising Appellant about his right to a jury trial. Appellant's additional claims that he was under the influence of Xanax, unable to hear the oral colloquy, and did not read the written colloquy are negated by his sworn testimony. We thus affirm on the PCRA court's reasoning.

In his second issue, Appellant contends the factual findings of the PCRA court are not supported by the record, and "the legal conclusions drawn from those facts are incorrect[.]" Appellant's Brief at 30; *see id.* at 30-31. The PCRA court suggests Appellant has waived this issue because his Rule 1925(b) statement failed to "sufficiently, concisely, and coherently" identify the basis for this claim. PCRA Court Opinion, 11/18/22, at 12; *see id.* at 12-13. We agree.

Rule 1925(b) mandates that the "Statement shall concisely identify each error that the appellant intends to assert **with sufficient detail** to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). Rule 1925(b) "is a crucial component of the appellate

process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." ***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa. Super. 2020); ***see also*** Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal). A Rule 1925(b) statement that is too vague to afford the court an opportunity to identify the issues raised on appeal "is the functional equivalent of no statement at all." ***Commonwealth v. Cannon***, 954 A.2d 1222, 1228 (Pa. Super. 2008); ***see also Commonwealth v. Hansley***, 24 A.3d 410, 415 (Pa. Super. 2011) ("if a concise statement is too vague, the court may find waiver.").

Here, Appellant merely alleged the PCRA court's "findings of fact are not supported by the record and the legal conclusions drawn from those facts are incorrect[.]" Concise Statement of [Errors] Complained of on Appeal, 11/3/22, at 2. As this statement is improperly vague, Appellant's second issue is waived.[5]

---

[5] Appellant's argument is also undeveloped, as it consists of a recitation of our standard of review. Appellant's Brief at 30-31. Appellant does not identify specific findings of fact or legal conclusions he believes to be incorrect. ***See id.*** This Court will not act as counsel and will not develop arguments for an appellant. ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007); ***Bombar v. West American Insurance Company***, 932 A.2d 78, 94 (Pa. Super. 2007). Waiver is proper when deficiencies hinder our ability to conduct meaningful appellate review. Pa.R.A.P. 2101; ***Hardy***, ***supra***.

In his third issue, Appellant asserts the PCRA court's "credibility determinations were not supported by the record." Appellant's Brief at 31. Appellant has waived this issue as well.

Appellant's argument is simply that "the record does not support the [PCRA c]ourt's finding that counsel is credible." Appellant's Brief at 31. It is well-settled that "mere issue spotting without analysis or legal citation to support an assertion precludes appellate review of a matter." **Coulter v. Ramsden**, 94 A.3d 1080, 1089 (Pa. Super. 2014) (citation omitted); **see also** Pa.R.A.P. 2119(a) (stating the appellant's brief "shall have ... such discussion and citation of authorities as are deemed pertinent."). Appellant's third issue is waived.

In his final issue, Appellant avers the PCRA court erred when it "sustained the Commonwealth's objection and refused to allow defense counsel to effectively cross-examine [Attorney Gay] on the testimony he gave in defense of his actions and inactions." Appellant's Brief at 32. Appellant asserts the PCRA court erred in sustaining an objection as to "whether or not the decision to waive the jury trial could be affected by the trial judge assigned to the case, namely, **Judge [Diana L.] Anhalt**." **Id.** (emphasis added).

> Our standard of review regarding the admissibility of evidence is an abuse of discretion. The admissibility of evidence is a matter addressed to the sound discretion of the [PCRA] court and ... an appellate court may only reverse upon a showing that the trial court abused its discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law.

***Commonwealth v. Collins***, 70 A.3d 1245, 1251–52 (Pa. Super. 2013)

(citations omitted).

Our review discloses the PCRA court never sustained an objection to a question about Judge Anhalt. The following exchange occurred at the start of PCRA counsel's cross-examination of Attorney Gay:

> Q. All the conversations you had with [Appellant] regarding waiver of a jury trial was when the case was assigned to Judge [Donna M.] Woelpper, correct?
>
> A. I believe that that is accurate. There is a lot of information in your petition … about conversations that I had with [Appellant] about talking him into a non-jury trial in front of Judge Anhalt. And the allegations in the PCRA petition that you signed and filed were that that would be an unreasonable position for me to take with [Appellant], that I should recommend to him that he proceed to a non-jury trial with someone who previously worked in the Family Violence and Sexual Assault Unit of the District Attorney's Office. **So that is completely untrue.**
>
> [B]ut to answer your question, I believe that those conversations must have taken place with him prior to proceeding or appearing for trial in front of Judge Woelpper, **because I don't think that there was another trial judge assigned**.

N.T., 1/9/20, at 16 (emphasis added); ***see also*** PCRA Petition, 12/11/18, at 4 (unnumbered) and 13 (unnumbered) (recounting alleged conversations between Attorney Gay and Appellant about the merits of waiving a jury trial and having the case heard by Judge Anhalt). Our review of the trial court docket reveals Attorney Gay was correct and Judge Anhalt was never assigned to Appellant's case.

However, the record reflects that the PCRA court sustained an objection to a question about Judge Ann Marie B. Coyle:

Q. [PCRA Counsel:]  All right.  But my question is all of the conversations you had with regard to a waiver of a jury were while the case was pending before Judge Woelpper, correct?

A. [Attorney Gay:]  No.  I can't say that because the conversations concerning the waiver trial or a jury trial started from the beginning of my representation of [Appellant]; from the time of the preliminary hearing and afterwards.  So we had conversations throughout my representation of him concerning the differences and the benefits or drawbacks of a non-jury trial or jury trial.

Q. And that was even before it was assigned to Judge Woelpper?

A. That's correct.

Q. What if the case was assigned to **Judge [Ann Marie B.] Coyle**, would that be your same advice?

[The Commonwealth]:  Your Honor, I'm going to object to the relevance of this question.

[PCRA Counsel]:  I say that, Judge, with all candor because of that judge's lack of reasonable doubt, so we're discussing --

THE COURT:  How about we rephrase it into, "Would it make a difference which judge it was assigned to?"  Rather than naming a particular judge.

…

Q. [PCRA Counsel:]  Would it make a difference of what judge it was assigned to?

A. [Attorney Gay:]  Absolutely.

Q. And would it be a fair statement that if it were assigned to certain judges in this county, your advice would be, take a jury?

A. That is exactly correct. I can tell you my general practice, and what I did with [Appellant] as well, is to let him know that, you know, you have to make a decision about whether to choose a jury or a non-jury based on the judge before whom you are scheduled for trial. And you have to also assume in making that decision that you will receive your average jury. And whether or not the court that is going to preside over the trial, in your opinion or your experience with that judge, is going to give you at least as fair of a shake at trial as your standard jury would. Then many times it's advisable to go with a non-jury trial in those circumstances.

[PCRA Counsel]: Okay. And that's all I have, Judge.

*Id.* at 16-18 (emphasis added).

The record shows that the PCRA court did not err in sustaining the objection to the question about Judge Coyle, who was also not involved in this case. The court permitted PCRA counsel to inquire about Attorney Gay's tact in advising clients about whether to waive the right to a jury trial, and his views regarding judges. Because we discern no error, Appellant's fourth issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2023